No. 37,404

W. E. LEHMBERG, Administrator, *Appellee,* v. CARL HUGO HULTBERG, Individually and as Guardian, *Appellant,* and CLARENCE OSCAR HULTBERG, *Appellee.*

(203 P. 2d 146)

*James A. Cassler,* of McPherson, argued the cause, and *Paul A. Lackie* and *John K. Bremyer,* both of McPherson, were with him on the briefs for the appellant.

*Archie T. MacDonald,* of McPherson, argued the cause, and *Russ B. Anderson,* of McPherson, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action brought by the administrator of the estate of Otto Hultberg, deceased, authorized to be brought by the probate court, for the recovery of the possession of certain real and personal property which was in the possession of and claimed to be owned by the defendant. The trial court made extensive conclusions of fact and of law and rendered judgment for plaintiff, from which the defendant has appealed. The outline of the facts disclosed by the record may be stated as follows: F. G. Hultberg, a resident of McPherson county, died testate on July 22, 1920. By his will, dated January 31, 1908, he devised and bequeathed to his son, Otto Hultberg, all of his property of every kind, including his home, described in the will as the "North one-third, 100 feet by 300 feet, of block twelve in Highland Addition to the city of McPherson, Kansas," for life, with the remainder to his grandson, Hugo Hultberg. The will was duly admitted to probate and the estate administered and closed September 22, 1922. On August 4, 1920, Hugo Hultberg and his wife conveyed to Otto Hultberg the east one-half of the north one-third of lot twelve in Highland Addition to McPherson. The deed was in the ordinary form for a quit-claim deed conveying property, but contained the following provision:

"The said premises were willed by F. G. Hultberg deceased to his son C. O. Hultberg for life and after his, the said C. O. Hultberg's death, to the said Hugo Hultberg, grandson of the said F. G. Hultberg, deceased, in fee simple.

"The said C. O. Hultberg has for years taken care of his father, the said F. G. Hultberg, deceased, has made permanent improvements on the said premises in that he has built an addition to the house on said premises at a cost of $400.00, and a porch on house.

"In recognition and in consideration of said services to the said grandfather, the said grantors, Hugo Hultberg and Alice Hultberg do hereby convey as herein stated, said premises to the said C. O. Hultberg."

This deed was duly recorded on August 19, 1920, in the office of the register of deeds of McPherson county. In September, 1920,

Hugo Hultberg and his wife moved into the property upon the premises above last described and lived there with Otto Hultberg until 1928, when Hugo and his wife moved to another home. During the time Hugo lived with his father improvements were made upon the property. Otto Hultberg and his wife were divorced in 1912. They had two children, Hugo Hultberg and Clarence Hultberg. On January 19, 1942, Otto Hultberg was adjudged insane and committed to the state hospital at Larned. Upon Hugo Hultberg's petition he was appointed guardian of the person and estate of Otto Hultberg on February 10, 1942, and about that time took possession of the real property here in controversy and of three notes known in the record as the McClain note of $585, the Swick note of $500, and the Gustafson note of $1,200, and of some shares of stock in the Railroad Building & Loan Company, and other personal property. The above notes and shares of stock were payable to or in the name of Otto Hultberg. On April 5, 1943, Otto Hultberg died intestate and was buried at McPherson. Clarence, who lived at Pittsburg, Kan., was in McPherson and he and Hugo agreed to use the money in the bank in the name of Hugo, as guardian, $343.99, and the proceeds of the three notes above mentioned, which were to be collected by Hugo, and who was also to collect any other sums due Otto Hultberg, to pay the debts of Otto and the expense of the funeral. Immediate funds were not ample and they borrowed from a bank in McPherson $400, each of them signing the note therefor. They also opened a joint bank account in the bank in which the money borrowed and the collections to be made by Hugo on the notes should be deposited, and the payment of debts and expenses should be made therefrom. On June 2, 1944, Clarence Hultberg filed a petition in the probate court for the appointment of an administrator of the estate of Otto Hultberg. Hugo opposed the appointment of an administrator upon the ground that there was no estate to be administered upon and that the petition for the appointment had not been filed within one year after the death of Otto Hultberg. These objections were denied and on August 17, 1944, the plaintiff administrator was appointed. Hugo Hultberg appealed to the district court from the order appointing the administrator. On May 9, 1945, after hearing the evidence and argument of counsel the court found that the allegations of the petition for the appointment of the administrator were true; that Otto Hultberg, a resident of McPherson county, died intestate

April 5, 1943, leaving real and personal property for which an administrator should be appointed to collect, safeguard and protect it, and appointed W. E. Lehmberg as such administrator, fixed his bond and directed that the judgment be certified to the probate court. No appeal was taken from that judgment. The administrator duly qualified and on June 21, 1945, the probate court ordered the administrator to bring this action.

Plaintiff's petition in this case, filed July 15, 1945, alleged the appointment of plaintiff as administrator and the authority of the probate court for him to bring this action; alleged that the east one-half of the north one-third of block 12 in Highland Addition to the city of McPherson was owned in fee simple by Otto Hultberg at the time of his death, and that also the McClain note for $585, the Swick note for $500, the Gustafson note for $1,200, and the Railroad Building & Loan Company stock and miscellaneous household furniture and other personal property, were owned by Otto Hultberg at the time of his death; that such property had been taken possession of by Hugo Hultberg, as guardian of the estate of Otto Hultberg, and was now claimed by Hugo Hultberg as his own property; recited the pertinent facts above stated, and asked for judgment for possession of the property. Hugo Hultberg filed an answer and cross petition, a copy of which is not in the abstract, but at the close of all of the evidence he asked permission to file an amended answer and cross petition, which was permitted, and this is in the abstract. By it he admitted the execution of the deed of August 4, 1920, previously mentioned, but alleged that he thought the deed conveyed only a life estate to Otto Hultberg and that he had been defrauded both by his father and by the attorney who prepared the deed in having it so written that it conveyed the fee. He also alleged that in 1936 he made a deed to Otto Hultberg, at his request, to the west one-half of the north one-third of block 12 in Highland Addition to the city of McPherson to clear the title and enable his father to sell that property, and that he was wrongfully deceived in making that deed and was wrongfully deprived of that property. He also alleged that he had made valuable improvements upon the property here in question while he was living there from 1920 to 1928 at a cost of $1,350.81, under the theory that he was the owner; that he had been in possession of the property since 1943, under a claim of ownership and had made improvements to the value of $65. He also alleged that he and his brother

Clarence, after the death of their father, had an oral agreement for settling the debts of their father, jointly borrowed $400 from the bank, and that he was to collect the notes above mentioned and any other sums due their father and apply the proceeds on the payment of the note, and the balance then to be divided equally between them, and in the agreement he was to have the real property here involved.

Hugo Hultberg also moved that his brother Clarence be made a party-defendant. This motion was sustained and Clarence filed an answer and cross petition in which Clarence took the position of the plaintiff in the action. The case really developed into a contest between the two brothers.

Other pleadings were filed which framed the principal issue to be whether the deed from Hugo and wife to the father, of August 4, 1920, should be set aside as having been obtained by fraud, and also as to the rights of the parties to the personal property owned by Otto Hultberg at the time of his death.

There was much evidence, a part of it dealing with details. On April 16, 1948, the court made its findings of fact to the effect that Clarence Hultberg is the owner of an undivided one-half interest in the east one-half of the north one-third of block 12 in Highland Addition to the city of McPherson and the owner of an undivided one-half interest to any and all personal property owned by Otto Hultberg at the time of his death, and rendered judgment accordingly. Defendant, Hugo Hultberg, filed a motion to correct the findings of fact and a separate motion for judgment in his favor upon corrected findings of fact, and also filed a motion for a new trial. These motions were considered by the court and overruled on April 23, 1948. On April 27, 1948, Hugo Hultberg served his notice of appeal from the judgments and rulings of the court made on April 16, 1948, and that is the appeal that is before us. There has been no appeal from the rulings and judgments of the court overruling the motion for a new trial and other post-judgment motions which were made by the court on April 23, 1948.

In this court practically all the argument on behalf of appellant pertained to trial errors which cannot be reviewed in view of the fact that no appeal has been taken from the order overruling the motion for a new trial. Gratuitously, we may add that, regarding those motions as being open to review, we find nothing seriously wrong with the court's ruling. Passing that and limiting our view

to judgments of the trial court we have examined the record and find ample, competent evidence to sustain the trial court's findings and judgments.

Appellant contends that the evidence was not sufficient to justify the court in holding that the deed of August 4, 1920, was not secured by fraud. The burden of proof of establishing fraud in the execution and delivery of that deed was upon the appellant, Hugo Hultberg. He did testify that his father, Otto Hultberg, asked him to make the deed and took him to a Mr. Nyquist, an experienced, reputable attorney in McPherson, who prepared the deed, and that he thought he was executing a deed to convey to his father only a life estate. It is argued that this testimony is undisputed and the court should have believed it. However, there were several things which tend to discount that testimony. Otto Hultberg had a life estate in the property under the will of F. G. Hultberg, hence it is unlikely a capable attorney would prepare or advise another deed to accomplish the same purpose. The deed as written contained statements tending to show a valuable consideration. The fact that Otto Hultberg had taken care of F. G. Hultberg and furnished him a home since the will was executed in 1908 to the time of his death in 1920, and had made improvements at a cost of about $400 upon the property, for which Otto Hultberg might make a claim against the estate of F. G. Hultberg, were settled by this deed. Perhaps it is true that Hugo Hultberg was not liable for the care of his grandfather or for the improvements, but there is no legal reason why he could not pay for them in the way he did if he desired to do so, and the deed indicates that is what he did. There is also the evidentary fact that in 1936 he conveyed the west one-half of the north one-third of block 12 to his father, and respecting that he testified his father took advantage of him in order to get the property.

Other points might be mentioned which the trial court was entitled to weigh, and no doubt did so. Since this court does not weigh evidence we are in no position to hold that appellant had made such a strong showing of fraud in the execution of the deed of August 4, 1920, that the trial court was bound to set it aside.

There was conflicting evidence between Clarence and Hugo as to the oral agreement they made about the property of Otto Hultberg after his death. That testimony was for the trial court to weigh,

and this court finds no legal reason to set aside the trial court's conclusions.

There is complaint about some evidence being excluded which should have been admitted. That was a trial error, if error at all, and cannot be reviewed in the absence of the appeal and the order denying the motion for a new trial. More than that, it was not offered on the hearing of the motion for a new trial, as required by G. S. 1935, 60-3004, and could not be reviewed if the appeal had been taken from the order overruling the motion for a new trial.

After Hugo Hultberg had filed his answer and cross petition the plaintiff and Clarence Hultberg, by leave of court, amended their pleadings so as to plead the statute of limitations as to fraud. Appellant argues that the statute of limitations was not available under the facts of this case. Since the court found no fraud in the execution of the deed of August, 4, 1920, we need not examine the question as to whether the statute of limitations was available.

Other questions raised by appellant pertain to trial errors which cannot be reviewed.

We find no error in the record. The judgment of the trial court is affirmed.

ARN, J., not participating.